Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2692 | **DATE** | 10/16/2001 |
| **CASE TITLE** | United States of America vs. Rodney Ellis (95 CR 730-18) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Rodney Ellis's petition to vacate, set aside, or correct his sentence is denied. All other pending motions are denied as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 16 PM 3:31 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
) 01 C 2692
vs. )
) 95 CR 730-18
RODNEY ELLIS, )
)
Defendant. )

OCT 17 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Rodney Ellis's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

### BACKGROUND

In 1998, Petitioner Rodney Ellis ("Ellis") stood trial for conspiracy to defraud the United States and conspiracy to violate federal money laundering statutes. During the pretrial and trial proceedings, he was represented by Deborah Gubin. After the guilty verdict was returned, Ellis substituted Ronald Clark as his counsel during the sentencing phase. He received a sentence of 108 months' imprisonment, which he promptly appealed to the Seventh Circuit. For his appeal, Ellis was represented by a

third attorney, Howard Levy. His sentence was affirmed on appeal, and subsequent petitions for rehearing and certiorari were denied. U.S. v. Ward, 211 F.3d 356, 365-67 (7th Cir. 2000), *rehearing den'd by* 2000 U.S. App. LEXIS 18218 (7th Cir. July 24, 2000), *cert. den'd*, 531 U.S. 1103 (2001).

Ellis now seeks further review of his sentence in this court pursuant to 28 U.S.C. § 2255. He contends that his sentence was improperly imposed for several reasons: first, he received ineffective assistance of counsel; second, he received an illegal general sentence; third, venue was not proper in this district; fourth, the verdict form and jury instructions were deficient; fifth, he fears future prosecution for charges that were dismissed at the end of the trial; and last, the statutes under which he was charged violate the ex post facto clause as applied to him.

## DISCUSSION

Before a court can consider the merits of a habeas petition, it must first assess whether a defendant has followed proper procedures in presenting the claim. Prewitt v. U.S., 83 F.3d 812, 816 (7th Cir. 1996). Any claims not raised at the proper time and via the proper procedural vehicles are deemed waived and the defendant is precluded by procedural default from raising them later. Id.

Ellis has already had an opportunity to raise issues connected to the validity of his sentence in his direct appeal. He addressed only the application of the Sentencing Guidelines and the fact that he was sentenced at the high end of the Guidelines range.

Ward, 211 F.3d at 365. His appeal did not challenge his sentence on any of the grounds that he advances in this petition. As such, all but one of his claims are procedurally defaulted and he cannot properly raise them here.

The only claim that Ellis would not have been able to raise in his appeal is that his appellate counsel was ineffective, a ground that he has raised here. He asserts that he raised this claim in his petition for rehearing to the Seventh Circuit and thus has escaped procedural default. However, the petition for rehearing contains no such reference. This indicates at best procedural default and at worst a willful misrepresentation to this court. Either way, Ellis has missed his chance to raise these issues, even if they were meritorious. As the following discussion illustrates, they are not.

1. Ineffective Assistance of Counsel

The appropriate time for Ellis to have brought up any claims of ineffective assistance would have been when he obtained new counsel. In other words, any issue that Ellis had with Gubin should have been raised when Clark took over, and similarly any issues with Clark should have been raised during Levy's representation. Ellis attempts to circumvent this procedural requirement by stating that he protested the quality of his representation in his pro se petition for rehearing to the Seventh Circuit, but his pro se petition addressed the issues raised on appeal and did not raise the ineffective assistance of his three attorneys at any stage of the proceedings. In addition,

we find nothing in any of Ellis's recounting of the events in this case that would lead us to believe that the actions of all of his attorneys fell outside the acceptable range of behavior as defined by Strickland v. Washington. 466 U.S. 668 (1984).

Even if we did not conclude that Ellis's allegations of ineffective assistance were not procedurally defaulted, we could not countenance their viability in the instant case. A party claiming that counsel was ineffective faces a strong presumption that the attorney's actions fell within the bounds of competent professional behavior. U.S. v. Lindsay, 157 F.3d 532, 534-35 (7th Cir. 1998) To prevail on such a claim, the party must show that no competent attorney would take the actions that counsel took in the case under consideration.

Ellis did not agree with several of the decisions Gubin made during the course of the trial and argues that the paths Gubin chose rendered her assistance ineffective. He claims that Gubin forced him not to testify and to stipulate to a document of which he had no knowledge, that she withheld critical evidence, that she refused to ask certain questions of a government witness on cross-examination, that she did not properly address an incident in which jurors saw Ellis handcuffed, that she failed to call witnesses whose names he had given her, and that she was not familiar with the facts of his case. Based on Gubin's affidavit and her performance at trial, we conclude that all of these accusations are baseless. Ms. Gubin supplied perfectly rational reasons why all of the decisions that she made during the course of trial were consistent with

her trial strategy. In addition, she was thoroughly familiar with the facts of the case and her tactical decisions were all solidly based on those facts. Ellis has therefore failed to persuade us that Gubin's trial performance was deficient, and his claim of ineffective assistance of counsel as to her is therefore without merit.

With regard to Clark and Levy, Ellis claims that their assistance at sentencing was ineffective because he failed to object to the sentence imposed on the grounds that it was an impermissible general sentence. As discussed below, that argument is baseless, so we cannot fault Clark or Levy for not raising it. In addition, he claims that Levy should have addressed the amount of money that was invested in Pocketown Records in the appeal. This argument is specious; the Court of Appeals addressed the original investment in Pocketown. Ward, 211 F.3d at 366. The appellate court affirmed that aspect of the case and we will not resurrect the issue here.

Ellis further asserts that even if none of the individual actions of Gubin, Clark, or Levy standing alone amount to ineffective assistance of counsel, the alleged errors combine to be serious enough to warrant relief. He relies on U.S. v. Kladouris, in which a trial attorney's numerous small errors added up to assistance that was so ineffective that a new trial was warranted. 739 F. Supp. 1221, 1230 (N.D. Ill. 1990). Ellis ignores that in Kladouris, each of the actions of the trial attorney were in fact erroneous. That is simply not the case here. As stated above, the actions of all three of Ellis's attorneys were firmly within the bounds of acceptable strategic decisions, and

they cannot therefore add up to anything but effective assistance. In addition, unlike Ellis's allegations, the claim in Kladouris was procedurally proper, raised immediately after the defendant retained new counsel. Id. at 1223.

We therefore deny to revisit Ellis's sentence on the grounds that he received ineffective assistance of counsel.

2. General Sentence

Ellis further claims that his sentence was improper because general sentences are per se illegal. Ellis did not raise this argument when he challenged his sentence on direct appeal. Ward, 211 F.3d at 365-67. As such, this claim is procedurally defaulted. Even if it was not, the case upon which Ellis relies comes out of the Eleventh, not the Seventh, Circuit. Jones v. U.S., 224 F.3d 1251, 1256 (11th Cir. 2000). In addition, a sentence given on more than one count can exceed the maximum for one count as long as it does not exceed the maximum aggregate of all counts. U.S. v. Woykovsky, 297 F.2d 179 (7th Cir. 1969). The sentence imposed in this case is well below the maximum aggregate for the two counts on which Ellis was convicted. 18 U.S.C. §§ 371, 1956 (a)(2). Therefore, Ellis's argument that the sentence he received was illegal would fail even if it was procedurally sound.

3. Venue

Ellis also contends that venue was not proper in this district. His argument fails factually for two reasons. First, the evidence presented at trial showed that Ellis's

conduct took place in both New York and Chicago. Venue would therefore be proper in either the Southern District of New York or the Northern District of Illinois. 18 U.S.C. § 3237(a); Fed. R. Crim. Proc. 18. Second, the case on which Ellis bases his argument has no application to his situation. U.S. v. Cabrales, 118 S.Ct. 1772 (1998). He ignores the fact that in Cabrales, the defendant's conduct did not occur in multiple districts; it took place solely in Florida. Furthermore, unlike Ellis, Cabrales was not convicted of conspiracy charges, which allow the actions of conspirators inside this district to be imputed to Ellis even if his own actions did not already make it proper. Id. at 1776, 1777.

4. Ambiguity in the Jury Form and Jury Instructions

Ellis claims that the jury verdict form used in his case was ambiguous and that the instructions were improper, thus impermissibly tainting the verdict rendered. Although his argument is tortured and rather sparse, he seems to say that the verdict form did not require the jury to find all defendants were part of a single conspiracy and that the jury must specifically identify the overt acts upon which it based the conviction. Neither of these contentions is correct, and neither thus affords him relief from the sentence imposed in this case.

5. Ex Parte Dismissal of Remaining Counts

Although he concedes that this court was required to grant the government's 48(a) motion unless the motion was clearly contrary to the public interest, Ellis

maintains that the post-trial dismissal of the remaining counts of the indictment necessitate relief under § 2255. He has given us no reason, nor can we find any, why the dismissal was contrary to the public interest. Because the dismissed counts played no part in the sentencing, they also have no bearing on the instant petition.

Ellis seems to argue that the dismissal of the charges exposes him to duplicative prosecution at some undetermined future time. However, it is premature for us to make any decision as to whether jeopardy has attached because Ellis is in no way facing another prosecution for the same offenses charged.

6. Ex Post Facto Clause

The ex post facto clause of the Constitution forbids retroactive application of criminal laws. U.S. Const. art. I, § 9, cl. 3. Ellis claims that because the laws under which he was convicted did not take effect until October 1992 and the indictment involved acts that preceded that date, his conviction violates the ex post facto clause. For the purposes of his case, however, we do not look at the entire indictment but only at his conduct, specifically his participation in the operation of Pocketown Records. No shred of evidence indicates that Ellis's involvement predated 1993, let alone October 1992. As such, his claim that his conviction cannot stand because of the ex post facto clause is utterly without merit.

## CONCLUSION

For the foregoing reasons, Ellis's petition to vacate, set aside, or correct his sentence is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:  October 16, 2001